**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JAMES A. SPARACELLO III AND** | * | **CIVIL ACTION NO.:** |
| **SEBRINA DESILVEY SPARACELLO** | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND** | * | **MAGISTRATE JUDGE:** |
| **CASUALTY COMPANY** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**NOW INTO COURT,** through undersigned counsel, come Complainants, James A. Sparacello III, and Sebrina Desilvey Sparacello (hereinafter "Complainants"), and file their Complaint against Defendant, State Farm Fire and Casualty Company (hereinafter "Defendant" or "State Farm"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is **JAMES A. SPARACELLO III**, a person of the full age of majority and domiciled in the Parish of Livingston, Louisiana.

2. Made Plaintiff herein is **SEBRINA DESILVEY SPARACELLO**, a person of the full age of majority and domiciled in the Parish of Livingston, Louisiana.

3. Made Defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY,** an insurance corporation domiciled in Illinois, with its principal place of business in Illinois, authorized to do and doing business in the State of Louisiana and the Parish of Livingston, which may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, at 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II.  JURISDICTION AND VENUE

4. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

5. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District; Complainants reside in this District, and the property that is subject to the dispute between Complainants and Defendant is located in this District.

## III.  RELEVANT FACTS

6. At all times relevant hereto, Complainants owned the property located at 24408 Jones Road, Springfield, Louisiana 70462 (the "Property").

7. At all times relevant hereto, Defendant provided a policy of insurance, number 18-BB-Q030-7 (the "Policy"), to Complainants which covered the Property against perils, including wind/hurricanes and provided the following coverages: $476,300.00 for Dwelling; $47,630.00 for Other Structures; $357,225.00 for Personal Property; $142,890.00 for Loss of Use; *inter alia*.

8. On or around August 29, 2021, Hurricane Ida caused significant damages to the Property.

9. Complainants promptly reported the loss to State Farm, who assigned it claim number 18-24C5-14D (the "Ida Claim").

10. As soon as practicable, Complainants took steps to mitigate the damages to the Property at their expense to the best of their abilities under the circumstances.

11. On September 24, 2021, Defendant dispatched an adjuster to the Property, who documented $30,890.32 in damages to the dwelling, other structures, and personal property, but after

over-depreciating the loss and applying the Policy's deductible, Defendant allowed Complainants $0.00 for their substantial and covered losses.

12. On October 3, 2021, Defendant refused to issue a payment after the Defendant's inspection.

13. Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

14. Complainants were unable to make meaningful repairs to their Property with no proceeds allowed by Defendant.

15. Upon information and belief, Defendant failed to adequately compensate Complainants for their loss.

16. Defendant acted in Bad Faith by underpaying the Complainants' losses and inspecting the property untimely.

17. As a result, Complainants were forced to incur the expense of retaining counsel and other expenses to prosecute their claim.

18. On November 26, 2021, Defendant issued a payment of $900.00.

19. On December 7, 2021, Defendant issued a payment of $1,320.60.

20. On or about December 14, 2021, Complainants retained ATA Loss Consulting ("ATA") to inspect the Property on behalf of Complainants and document their findings.

21. ATA documented $194,034.32 in damages to the dwelling and other structures.

22. On March 1, 2022, a demand for the release of unconditional tenders for $194,034.32 was sent to Defendant, along with the ATA estimate and supporting photographs demonstrating the loss.

23. This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

24. On March 27, 2022, Defendant dispatched an adjuster to the Property, who documented $47,213.91 in damages to the dwelling and other structures, but after over-depreciating the loss and applying the Policy's deductible, Defendant allowed Complainants only $6,225.32 for their substantial and covered losses.

25. Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

26. On April 28, 2022, Defendant issued a payment of $6,225.32.

27. To date, no more insurance proceeds have been forthcoming.

28. As a result of Defendant's failure to timely and adequately compensate Complainants for their substantial losses, the Property remains in a state of disrepair and Complainants continue to incur out-of-pocket expenses.

29. Upon information and belief, Defendant's failure to timely and adequately compensate Complainants for their loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

30. Upon information and belief, Defendant purposely and/or negligently misrepresented to Complainants the terms and conditions of the Policy.

31. Upon information and belief, Defendant conducted the investigation and claims handling for Complainants' Hurricane Ida claim in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

32. Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

33. Upon information and belief, Defendant purposely or at least negligently failed to include adequate overhead and profit in its estimates of damages.

34. Complainants have incurred or will incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate them for their substantial and covered losses.

### III. CAUSES OF ACTION

#### A. Breach of the Insurance Contract

35. Complainants reallege and re-aver the allegations contained in the preceding paragraphs, above, as if restated herein.

36. An insurance contract, the Policy, exists between Complainants and Defendant.

37. The Policy provides coverages for perils including hurricanes.

38. Despite having received satisfactory proof of loss for damages caused by Hurricane Ida, Defendant failed to timely tender adequate insurance proceeds as required by the Policy.

39. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of its own inspections, Defendant breached the Policy.

40. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of its own inspections, Defendant breached the Policy.

41. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of the ATA estimate, Defendant breached the Policy.

42. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of the ATA estimate, Defendant breached the Policy.

43. By purposely and/or negligently misrepresenting to Complainants the terms and conditions of the Policy, Defendant breached the Policy.

44. By failing to conduct the claims handling for Complainants' Ida Claim in good faith and with fair dealing, Defendant breached the Policy.

45. By manipulating its pricing software to artificially suppress the cost of repairs below market value, Defendant breached the Policy.

46. By failing to include adequate overhead and profit in its estimates of damages, Defendant breached the Policy.

47. Complainants have suffered and continue to suffer damages as a result of these breaches of the Policy.

### B. Bad Faith

48. Complainants reallege and re-aver the allegations contained in the preceding paragraphs, above, as if restated herein.

49. The actions and/or inactions of Defendant in failing to timely and adequately compensate Complainants for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

50. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

51. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

52. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

53. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainants adequate payment in connection with their Ida Claim, despite having received satisfactory proofs of loss following its own inspections of the Property and following its receipt of independent proof of loss from ATA.

54. Defendant's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

55. Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

56. Defendant's failure to pay timely for damages it knew, or should have known, existed at the time it received the ATA estimate was in bad faith.

57. Defendant's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

58. Defendant's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

59. Defendant's handling of Complainants' Ida Claim was in bad faith.

## IV.  DAMAGES

60. Complainants reallege and re-aver the allegations contained in the preceding paragraphs, above, above, as if restated herein.

61. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainants have incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c. Reimbursement for personal repairs at the Property;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Mental anguish;

    f. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

    g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

62. Complainants request a trial by jury.

**WHEREFORE,** Complainants, James A. Sparacello III and Sebrina Desilvey Sparacello pray that, Defendant, State Farm Fire and Casualty Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainants, James A. Sparacello III and Sebrina Desilvey Sparacello, and against Defendant, State Farm Fire and Casualty Company, in an amount that will fully and fairly compensate Complainants pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**[SIGNATURE BLOCK AND SERVICE INSTRUCTIONS ON NEXT PAGE.]**

RESPECTFULLY SUBMITTED:



Galen M. Hair, La. Bar. No. 32865
W. Parker Logan, La. Bar No. 39259
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd., W, Ste. 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
hair@hstalaw.com
plogan@hstlaw.com

**PLEASE SERVE:**

**State Farm Fire and Casualty Company**
*Through its Registered Agent of Service of Process:*
Agent : Louisiana Secretary Of State
8585 Archives Avenue
Baton Rouge, LA 70809